UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| FREDERICK L. BURROWS, | |
| Petitioner, | Civil Action No. 0: 22-055-KKC |
| V. | |
| USA, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Frederick L. Burrows is a federal prisoner currently confined at the Federal Correctional Institution ("FCI") – Ashland in Ashland, Kentucky.  Proceeding without counsel, Burrows has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 5] and has paid the $5.00 filing fee.  [R. 6]  Thus, this matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243.  *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

In August 2012, Burrows was convicted by a jury in the United States District Court for the Middle District of Florida of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count One); possession of marijuana in violation of 21 U.S.C. § 844(a) (Count Two); and possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Three).  On January 9, 2013, Burrows was sentenced to a term of imprisonment of 180 months as to Counts One and Three and 36 months as to Count Two, all to run concurrently, for a total term of imprisonment of 180 months.  His conviction and sentence were affirmed on

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

appeal to the United States Court of Appeals for the Eleventh Circuit and his petition for a writ of certiorari was denied by the United States Supreme Court. *See generally United States v. Burrows*, 8:11-cr-578-SCB-TGW-1 (M.D. Fla. 2011).

In July 2015, Burrows filed a motion to vacate, set aside, or correct sentence on ineffective assistance of counsel grounds, which was denied by the District Court in November 2015. Burrows's appeal was dismissed by the Eleventh Circuit as untimely. *Id*.

Burrows has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. [R. 5] In his § 2241 petition, he argues that, in light of the Supreme Court's decision in *Wooden v. United States*, 142 S. Ct. 1063 (2022), his federal sentence was improperly enhanced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). [R. 5] In a Memorandum filed in support of his § 2241 petition, he argues that five of his prior drug convictions were improperly "broken apart" and counted as separate ACCA predicates, even though they were "from a 1998 case where they had the same case number and was a concert event of controlled buys." [R. 1 at p. 2] Burrows argues that, despite the fact that these predicate offenses related to sales of cocaine on different dates, all of the "sales" in the 1998 case "were part of a continuous course of events and conduct that should be counted as one conviction under *Wooden v. United States*." [*Id*. at p. 3]

Because Burrows has already filed a motion under § 2255 in the sentencing court, he may not "file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." *Jones v. Hendrix*, No. 21-857, 599 U.S. ---, --- S.Ct. ---, 2023 WL 4110233 at *3-4 (U.S. June 22, 2023) (explaining that "[s]ince the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), second or successive § 2255 motions are barred unless they rely on either 'newly

2

discovered evidence,' § 2255(h)(1), or 'a new rule of constitutional law,' § 2255(h)(2).").  Thus, because Burrows could not bring his *Wooden* claim in a second or successive § 2255 motion, he filed his § 2241 petition in this Court via the "saving clause" of 28 U.S.C. § 2255(e), on the grounds that the remedy available under § 2255 is inadequate or ineffective to test the legality of his detention.  [R. 1 at p. 4]

Prior to the Supreme Court's decision in *Jones*, many federal Circuit Courts of Appeal (including the Sixth Circuit) allowed a federal prisoner to challenge his conviction or the enhancement of his sentence in a § 2241 petition filed pursuant to the "saving clause" of 28 U.S.C. § 2255(e), which authorizes a habeas petition if it appears that remedy afforded by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention.  *See* 28 U.S.C. § 2255(e).  For example, in the Sixth Circuit, a petitioner could satisfy the saving clause (and, therefore, challenge his sentence in a § 2241 petition) by showing "'that he had no prior reasonable opportunity to bring [his] argument' in his earlier section 2255 proceedings…by identifying a Supreme Court decision that post-dates his original section 2255 proceedings, adopts a new interpretation of the statute of conviction, and supports his innocence claim." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021) (quoting *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019)) (other citation omitted).

However, in *Jones*, the Supreme Court held that "the saving clause does not authorize such an end-run around the AEDPA."  *Jones*, 599 U.S. ---, 2023 WL 4110233, at *7.  Rather, the inability of a prisoner with a statutory claim to satisfy the two limited conditions specified by § 2255(h) "in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences…does not mean that he can bring his claim in a habeas petition under the saving clause.  It means that he cannot bring it at all." *Id*. at *9   Thus, just as a federal

3

prisoner may not rely in a favorable change of statutory law to file a second or successive § 2255 motion, neither may he raise such a claim in a § 2241 petition on the grounds that the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of his detention. *Id.* at *7.

In light of *Jones*, a federal prisoner may no longer seek relief from his conviction or sentence based upon a favorable change in statutory interpretation in a § 2241 petition filed via the saving clause of § 2255(e), which is the exact claim that Burrows seeks to pursue here. The saving clause is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding. *Taylor*, 990 F.3d at 499-500. Because *Jones* makes clear that Burrows is unable to clear this hurdle, his § 2241 petition must be dismissed for lack of subject-matter jurisdiction. *Id*.

Accordingly, it is hereby **ORDERED** as follows:

1.      Burrows' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1, 5] is **DISMISSED** for lack of subject-matter jurisdiction;

2.      This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3.      A corresponding Judgment will be entered this date.

This the 28th day of June, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

4